UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| FIFTH THIRD BANK, NATIONAL ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 1:23-CV-531-HAB |
| TAMARA S. GREEN, BROOKE R. PAGE, and MOORISH SCIENCE TEMPLE OF AMERICE #27 SOL TEMPLE, JORDAN PAGE BEY, TRUSTEE | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On December 27, 2023, Defendants—all proceeding pro se—removed this action to this Court from Allen County Superior Court, alleging both federal question and diversity of citizenship as a basis for jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (ECF No. 1). All Defendants consented to removal. (ECF Nos. 1, 3, 4). Defendant Brooke R. Page filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) in light of the filing fee associated with the Notice of Removal (ECF No. 1). Yet this Court must first assure itself that it has jurisdiction to adjudicate the dispute. Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3). Defendants' Notice is deficient, but the Court will allow Defendants an opportunity to properly plead subject matter jurisdiction.

"[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). And a civil case brought in state court may be

removed only if the federal court would have subject matter jurisdiction over the case if it had been originally filed in federal court. 28 U.S.C. §1441(a). The party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for subject matter jurisdiction are met. *See Smart v. Loc. 72 Int'l Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009).

To proceed in federal court here, Defendants have the burden to establish subject matter jurisdiction, which is ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Plaintiff's Complaint (ECF No. 5) does not state a claim under any federal law. Rather, Plaintiff's claims derive exclusively from Indiana state law. Although Defendants may claim that Plaintiff's action violates their free exercise of religion (ECF No. 4 at 2-3), it is Plaintiff's Complaint that matters here—not Defendants' anticipated defenses.

A fair and liberal reading of the Complaint's allegation reveals that Plaintiff only has state-law claims against Defendants. A federal district court does not have federal question jurisdiction over state-law claims. *See* 28 U.S.C. § 1331. So, for this Court to have jurisdiction over Plaintiff's state-law claims in the absence of any viable federal-law claims, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Said slightly differently, Defendants must establish that each defendant is a citizen of a state different from the

2

plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000.

Defendants' Notice of Removal states as follows: "The State Court Action is removeable to this Court pursuant to 28 U.S.C. § 1332(a) as diversity of citizenship exist[s] based on the plaintiff being headquartered and resident of Ohio while the alleged defendants are residents of Indiana. The amount in controversy is over $75,000." (ECF No. 1 at 3). In order to bear its burden of demonstrating federal jurisdiction, the party removing the case on diversity grounds must address the citizenship of each of the parties. *See Smart,* 562 F.3d at 803 (quoting *Hart v. FedEx Ground Package Sys., Inc.,* 457 F.3d 675, 676 (7th Cir. 2006) (the removing party must establish complete diversity, "meaning that no plaintiff may be from the same state as any defendant")).

"[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (collecting cases). "State residence is not necessarily the same as citizenship . . . ." *Perez v. K & B Transp., Inc.*, 967 F.3d 651, 655 (7th Cir. 2020); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). To that end, Defendants merely pleading that they are residents of Indiana does not—by itself—establish that they are citizens of Indiana. Rather, the notice must establish that Indiana is each defendant's domicile. In the Seventh Circuit, domicile is defined as the state where a person is physically present "with the intent to remain there" and, "by some objective act," the person has shown "his intention to maintain the residency indefinitely."[1] *See Denlinger v. Brennan*, 87 F.3d

---

[1] Domicile is also defined by the Seventh Circuit as "a person's legal home, the permanent residence of a person or the place to which he [or she] intends to return even though he [or she] may actually reside elsewhere." *Koch v. Koch,* 450 F.3d 703, 712 n. 7 (7th Cir. 2006)

214, 216 (7th Cir. 1996); *Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993). An individual can only have one domicile at a time. *See Williamson v. Osenton*, 232 U.S. 619, 625 (1914).

Determining citizenship for a business entity differs from that of an individual and entities can have multiple domiciles. The diversity statute makes clear that a corporation is a citizen of both its state of incorporation and the state in which it maintains its "principal place of business." *See* 28 U.S.C. § 1332(c)(1). And the Supreme Court has determined that a corporation's principal place of business is the same as its "nerve center," or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Determining the citizenship of other forms of business associations often presents a greater challenge:

> Determining the citizenship of other forms of business associations is often more difficult. Partnerships, for example, are citizens of every state in which an individual partner is a citizen. See *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990). The same rule applies to other unincorporated entities, like limited liability companies, whose citizenship is also determined by the citizenship of its "members." See *Americold Realty Trust v. Conagra Foods, Inc.*, 577 U.S. 378, 381-82 (2016). Think about the size of many of today's partnerships, whether law firms, accounting firms, consulting firms, and so on. It is often no easy task for a plaintiff to discern the domicile (and, by extension, citizenship) of each partner or member. See *Hart v. Terminex Int'l*, 336 F.3d 541, 543 (7th Cir. 2003) (observing that tracing the citizenship of unincorporated associations "may create some extra work for the diligent litigant, and for those with less diligence the limited partnership has become a notorious source of jurisdictional complications")

*Page v. Democratic Nat'l Comm.,* 2 F.4th 630, 635 (7th Cir. 2021).

For diversity purposes, the citizenship of a national banking association—which it appears Plaintiff is here—is determined by reference to both the banking association's principal place of business and "the state listed in its organization certificate." *Firstar Bank N.A. v. Faul,* 253 F.3d 982, 994 (7th Cir. 2001) (citing 28 U.S.C. § 1348). Defendants assert in their Notice that Plaintiff's headquarters (which may or may not equate to principal place of business) is Ohio and that Plaintiff

4

is an Ohio resident. This too is insufficient to establish Plaintiff's citizenship. As for Defendant, Moorish Science Temple of America, the Court cannot discern what type of entity it is. And merely stating that the Moorish Science Temple of America is a "resident[] of Indiana" does not establish its citizenship. (ECF No. 1 at 3).

The Court is much less concerned with the amount in controversy requirement as it is clear from Plaintiff's Complaint that Plaintiff seeks $142,274.00 and interest in damages. (ECF No. 5 at 4). Having pointed out the deficiencies in Defendants' Notice, the court will afford Defendants twenty (20) days from the date of this Order to file a supplemental jurisdictional statement that adequately articulates each party's citizenship and establishes complete diversity. The Court further cautions that if Defendants fails to comply with this Order, it will remand the case to state court itself. *See Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 391, 392 (1998) (as to cases where subject matter jurisdiction is lacking, "remand may take place without [a] motion [to remand] and at any time.").

There is one last potential problem as it pertains to Defendant, Moorish Science Temple of America. As previously stated, the Court is unsure what form of entity Moorish Science Temple of America is. But corporations, limited liability companies (LLC), partnerships, and other unincorporated organizations may not proceed pro se in federal litigation. *United States v. Hagerman*, 545 F.3d 579, 581 (7th Cir. 2008) (collecting cases); *id.* at 582 ("[T]he privilege of pro se representation is . . . denied to partnerships too (bold omitted)); *see also TJ Creative, Inc. v. Luxurious Bliss*, No. 19-CV-04833, 2020 WL 9256371, at *2 (N.D. Ill. May 14, 2020) ("[C]orporations, partnerships, and other unincorporated organizations must be represented in court by attorneys admitted to practice and may not appear through a lay representative." (citing *First Amend. Found. v. Vill. of Brookfield*, 575 F. Supp. 1207, 1207 (N.D. Ill. 1983))).

5

If a corporation or LLC fails to obtain counsel, this may result in appropriate measures, including the entry of a default and a default judgment against the corporation or LLC. *See Operating Eng'rs Loc. 139 Health Benefit Fund v. Rawson Plumbing, Inc.*, 130 F. Supp. 2d 1022, 1024 (E.D. Wis. 2001) ("Where . . . a corporation's pleading is not signed by counsel, the court should also warn the corporation that failure to appear by counsel will lead to dismissal or default and default judgment."); *Kipp v. Royal & Sun All. Pers. Ins. Co.*, 209 F. Supp. 2d 962, 963 (E.D. Wis. 2002) ("The appropriate response when an LLC [is not represented] by counsel is to: (1) order the LLC to appear by counsel within a reasonable time, and (2) issue a warning that the failure to do so may result in entry of default and default judgment." (citation and internal quotation marks omitted)). The same rule applies to partnerships and unincorporated associations. *See Hagerman*, 545 F.3d at 582 (from the standpoint of representation in federal court, "there is no difference between a corporation and a limited liability company, or indeed between either and a partnership" because they all carry certain benefits and privileges, along with the obligation to hire a lawyer); *Kipp*, 209 F. Supp. 2d at 963 (stating corporations, LLCs, and partnerships should be governed by the same rules when they are unrepresented by counsel); *see also Eagle Assocs. v. Bank of Montreal,* 926 F.2d 1305, 1306-1310 (2d Cir.1991) (affirming default judgment against unrepresented partnership when partnership willfully disregarded the court's order to obtain counsel).

For these reasons, the Court:

(1) AFFORDS Defendants twenty (20) days from the date of this Order to file a supplemental jurisdictional statement that adequately articulates each party's citizenship and establishes complete diversity;

(2) TAKES Defendant Brooke R. Page's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) under advisement pending Defendants' compliance with this Order; and

(3) CAUTIONS Defendants that if they do not file a supplemental jurisdictional which establishes complete diversity of citizenship within twenty (20) days, this Court will remand the case to the Allen County Superior Court.

SO ORDERED on January 10, 2024.

                                          s/ Holly A. Brady
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT